884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie R. RUFFIN, Plaintiff-Appellant,
v.
SECRETARY, H.H.S., Defendant-Appellee.
 No. 88-2184.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1989.
 
 Before BOYCE F. MARTIN, Jr., WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the Secretary's denial of benefits to claimant, Willie Ray Ruffin. His disability claim is concerned with limitations and pain generated by his back, neck and leg condition. He claimed to have been disabled by a back injury suffered while working, but there was an administrative denial of his application and motion for reconsideration.
 
 
 2
 Ruffin then requested a hearing after which the administrative law judge (ALJ) concluded that Ruffin could not return to his past relevant work but yet retained the ability to perform "at least the limited range of light unskilled jobs identified by the vocational expert." Applying the grids, and considering the testimony of the vocational expert because Ruffin could not do the full range of light work, the ALJ determined that Ruffin was not disabled.
 
 
 3
 Ruffin sought review of the ALJ's decision by the Appeals Council. The Appeals Council declined to review the case and stated that the ALJ's decision was the decision of the Secretary. The Council also stated that the new evidence Ruffin submitted was consistent with the medical evidence already in the record and therefore did not require a different conclusion. The Appeals Council also rejected Ruffin's contention that a different regulation applied in the evaluation of his claim because he turned 55 after the ALJ rendered his decision but prior to review from the Appeals Council.
 
 
 4
 After a subsequent appeal, the district court referred the matter to a magistrate, who affirmed the decision of the Secretary but held that Ruffin was entitled to benefits as of his fifty-fifth birthday, August 4, 1987. The magistrate rejected his contentions that substantial evidence did not support the Secretary's decision as well as his equal protection arguments. Ruffin did not file any objections to the magistrate's report and recommendation, the consequence of which would award benefits at age fifty-five. The Secretary, however, objected to the magistrate's conclusion that Ruffin was entitled to benefits upon his fifty-fifth birthday.
 
 
 5
 The district court rejected the magistrate's recommendations "to the extent that it recommends a finding of disability as of plaintiff Ruffin's fifty-fifth birthday." The court sympathized with Ruffin's argument but felt that the case was governed by Crady v. Secretary, H.H.S., 835 F.2d 617 (6th Cir.1987).
 
 
 6
 Ruffin contends that the Secretary's findings are unsupported by substantial evidence. Ruffin also raises an equal protection argument, claiming that the ALJ (Runyan) systematically denies claims to black claimants. The Secretary claims that these objections have been waived because Ruffin failed to object to the magistrate's rejection of them in her report and recommendation. Ruffin fails to address this issue in a reply brief.
 
 
 7
 Failure to file timely objections to the magistrate's report and recommendation results in a waiver of issues adversely decided by the magistrate. Ivey v. Wilson, 832 F.2d 950, 957 (6th Cir.1987); see also Thomas v. Arn, 474 U.S. 140, 148 (1985) (approving Sixth Circuit rule finding waiver of objections if party fails to make them within ten days of service of the magistrate's report and recommendation).
 
 
 8
 The last paragraph of the magistrate's report and recommendation stated:
 
 
 9
 The parties are hereby informed that objections may be filed to this report and recommendation within ten days after being served with a copy thereof as provided for in 28 U.S.C. Sec. 636(b)(1)(C) and local rule C-4 and that failure to file objections may constitute a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir.1981). See also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).
 
 In Thomas, Justice Marshall wrote:
 
 10
 The Sixth Circuit's decision to require the filing of objections is supported by sound consideration of judicial economy. The filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute. The Sixth Circuit's rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. In short, "[t]he same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before a district court applies here." (footnote omitted, citation omitted).
 
 
 11
 Thomas, 474 U.S. at 147-48. Therefore, Ruffin's objections to the Secretary's denial of benefits prior to his fifty-fifth birthday and his equal protection argument are waived. See also Young v. Bowen, No. 87-1953, slip op. at 11 (6th Cir. Jan. 11, 1989) (unpublished per curiam) (refusing to review issues in social security case that were not raised in objections to magistrate's report).
 
 
 12
 Ruffin contends that benefits should be awarded to him because he reached his fifty-fifth birthday and a different set of regulations now govern his claim.[1] Rule 202.01 of the grid in Table No. 2 directs a finding of "disabled" for unskilled persons of limited education or less who are limited to light work and are of "advanced age;" placing claimant in the higher age category thus would have changed the finding on disability, presumably.
 
 
 13
 In Crady v. Secretary, H.H.S., 835 F.2d 617 (6th Cir.1987), a panel of this court rejected this argument in a virtually indistinguishable case. In Crady, the claimant was denied benefits, was fifty-four years of age at the time of the hearing and ALJ decision, and turned fifty-five a month after the appeals council refused review of the ALJ's decision. The court refused to apply the regulation and stated:
 
 
 14
 The relevant time for determining whether the claimant is disabled thus appears to be the date of the ALJ's decision. The decision date is the relevant cut-off point for analysis of all factors on which the determination of disability vel non is based, including the claimant's age. See Varley v. Secretary of Health & Human Services, 820 F.2d 777, 780 (6th Cir.1987).
 
 
 15
 Crady, 835 F.2d at 620.
 
 
 16
 But for Crady, this panel would affirm the magistrate's reasoned disposition, because, as a practical matter, it would conclude this matter which has already extended over a three year period and now promises to continue for some additional time.
 
 
 17
 For the foregoing reasons the decision of the district court is AFFIRMED.
 
 
 
 [1]
 This argument has been preserved for appeal because claimant prevailed before the magistrate. The Secretary filed an objection to this finding before the district court which held for the Secretary